IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AVERY LAMONT GOSS,
    Plaintiff,

vs.                                                Case No.: 3:19cv553/LAC/EMT

CIRCUIT JUDGE SCOTT DUNCAN
and STATE ATTORNEY AMY C. SHEA,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Escambia County Jail proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). The Complaint was referred to the undersigned for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B), and for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). For the reasons that follow, the undersigned recommends that this case be dismissed.

I.    BACKGROUND

Plaintiff's Complaint, filed on March 28, 2019, names two Defendants: (1) the Honorable Scott Duncan, a Circuit Judge for the Circuit Court in Escambia

County, Florida, and (2) Amy C. Shea, an Assistant State Attorney (ECF No. 1 at 1–3, 8).[1] Plaintiff alleges he was charged with robbery with a firearm, carjacking with a firearm, home invasion robbery with a firearm, aggravated assault with a deadly weapon, burglary of a conveyance while armed, sexual battery with a firearm, and kidnapping (*id.* at 10–11). Plaintiff alleges some of the charges involving a firearm were dropped because "a firearm the people said I had the State didn't have" (*id.* at 5, 10). He contends that for this reason, all of the charges involving a firearm should have been dropped, because all of the elements of the offenses were not satisfied (*id.* at 5, 10–11). Plaintiff also alleges that some of the evidence presented by the State at trial was not provided during discovery and that the State should not have been permitted to present evidence of a photo line-up (*id.* at 11–12). Plaintiff alleges the arresting officer questioned him without giving him a *Miranda* warning (*id.* at 10–12), and he complains that Judge Duncan "said I exercise [sic] my rights to remaining [sic] silent . . which I didn't—I was asking questions and telling the arresting officer to do his job and read me my *Miranda* rights" (*id.* at 5). Plaintiff also complains that Judge Duncan and ASA Shea permitted two of the victims to lie during their trial testimony (*id.* at 5, 12). Plaintiff also complains that the evidence

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original document.

presented by ASA Shea was hearsay, but Judge Duncan allowed it to be admitted (*id.* at 4, 11). Plaintiff contends there was insufficient evidence to find him guilty (*id.* at 4–5). He also alleges "the verdict was rendered against me do [sic] to a motion of a mistrial [sic] then the State went against the judge call [sic] and wanted the verdict of guilty" (*id.* at 4, 12). Plaintiff also complains that Judge Duncan "denyed [sic] my mistrial using a different state case laws [sic]" (*id.* at 5). Finally, Plaintiff contends his attorney "wasn't doing her job right" (*id.* at 10).

Based on the foregoing, Plaintiff claims that Judge Duncan and ASA Shea violated his rights under the Fourth, Eighth, and Fourteenth Amendments (ECF No. 1 at 6). As relief, Plaintiff asks that this Court dismiss the criminal charges and release him from jail (*id.*). Plaintiff also requests $5,000 "for my time I spend [sic] in jail for nothing on charges I was falsey [sic] charged for and falsey [sic] found guilty of" (*id.* at 6–7).

II. DISCUSSION

The court is statutorily required to review the Complaint to determine whether this action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

Here, Plaintiff cannot state a plausible claim for relief against either of the named Defendants.

    A.    <u>Plaintiff's Claims for Injunctive Relief</u>

In *Younger v. Harris,* the Supreme Court held that federal courts should abstain from suits aimed at restraining pending state criminal prosecutions. 401 U.S. 37, 41, 91 S. Ct. 746, 27 L. Ed. 2d (1971); *see also For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1216 (11th Cir. 2002) (citing *Younger*). The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.7 (11th Cir. 2004). Accordingly, *Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state

proceedings to raise constitutional challenges. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1275–82 (11th Cir. 2003). Under the *Younger* doctrine, federal courts are required to abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal case is in an "embryonic stage and no contested matter [has] been decided." *For Your Eyes Alone, Inc.*, 281 F.3d at 1217 (internal quotation marks omitted).

Here, Plaintiff explicitly acknowledges that prior to his commencing this § 1983 action on March 28, 2019, he had been convicted of several crimes. Indeed, the state court docket confirms that on November 20, 2018, Plaintiff was convicted of seven felonies (five of which involved a firearm) and one misdemeanor.[2] Plaintiff is currently awaiting sentencing. The federal court's intervention in the ongoing state criminal proceedings, which is what Plaintiff requests of this court by dismissing the convictions and releasing him from confinement, is prohibited by *Younger*.

Moreover, civil rights actions brought pursuant to § 1983 cannot be used to challenge the validity of criminal convictions. In *Preiser*, the Supreme Court held that habeas corpus is the exclusive remedy for a state prisoner who challenges the

---

[2] *See State v. Goss*, Case No. 2017-CF-006952, Escambia County Clerk of Court's website, http://74.174.28.52/BMWebLatest/Home.aspx/Search (last visited May 30, 2019).

Case No.:  3:19cv553/LAC/EMT

fact or duration of his confinement and seeks immediate or speedier release." *Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). If Plaintiff wishes to challenges his convictions on constitutional grounds, he must do so in a federal habeas action.[3]

Plaintiff is not entitled to the injunctive relief he seeks in this civil rights action (i.e., dismissal of his convictions and release from detention). Therefore, his claims for such relief must be dismissed.

### B.   Plaintiff's Claims for Monetary Damages

Plaintiff also seeks monetary damages against Judge Duncan and ASA Shea.

#### 1.   Judicial Immunity

Judges are entitled to absolute judicial immunity from damages for acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Absolute judicial immunity "applies even when the judge's conduct was in error, was done maliciously, or was in excess of his authority." *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (internal quotation marks and citation omitted).

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a

---

[3] Plaintiff is advised that the federal habeas statute requires him to exhaust the remedies available to him in the state courts prior to filing a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1).

>  normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Sibley*, 437 F.3d at 1070.

Here, Plaintiff alleges Judge Duncan acted unconstitutionally during his criminal proceedings. The acts described by Plaintiff were (allegedly) committed by Judge Duncan in his judicial capacity, and there is no allegation or indication that Judge Duncan acted in the clear absence of jurisdiction. Therefore, Judge Duncan is entitled to judicial immunity from Plaintiff's § 1983 claims. *See Stevens*, 877 F.3d at 1301; *Sibley*, 437 F.3d at 1070.

### 2.   Prosecutorial Immunity

Plaintiff's claims for monetary damages against ASA Shea are subject to dismissal under the doctrine of prosecutorial immunity. In *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976), the Supreme Court considered whether traditional common-law immunities for prosecutors, which derived from immunities recognized for judges, applied to civil cases brought under 42 U.S.C. § 1983. The Supreme Court concluded that they did. *Id.*, 424 U.S. at 427–28 (citation omitted). The Court has explained that the common law gives absolute immunity in § 1983 actions for activities that are "'intimately associated with the judicial phase of the criminal process.'" *Van de Kamp v. Goldstein*, 555 U.S. 335,

341, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009) (quoting *Imbler*, 424 U.S. at 430); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

"[A] functional approach has evolved to determine whether executive branch public officials should be granted absolute immunity for taking particular actions, or whether they should enjoy instead only the qualified immunity normally afforded public officials." *Jones*, 174 F.3d at 1282. This functional approach looks to the nature of the function performed, not to the identity of the person who performed it. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993). Under this functional analysis, executive branch officials are entitled to absolute immunity for certain functions intimately associated with the judicial process. *Van de Kamp*, 555 U.S. at 343.

Subsequent Supreme Court decisions established outer bounds on what activities qualify for prosecutorial immunity and to which individuals it applies. Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. *See Imbler*, 424 U.S. at 431. A prosecutor is immune for malicious prosecution. *See Malley v. Briggs*, 475 U.S. 335, 342–43, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986). Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable

cause hearing.  *See Burns v. Reed*, 500 U.S. 478, 490–92, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991); *Kalina v. Fletcher*, 522 U.S. 118, 126, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997).

Applying these principles, the Eleventh Circuit has emphasized that, "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."  *Jones*, 174 F.3d at 1281.  Such absolute immunity "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."  *Id.* (quotation marks and citation omitted); *accord Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002).  Prosecutors have absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . . complaints about the prison system, [and] threatening . . . further criminal prosecutions . . . ."  *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quotation marks and citations omitted).

Here, the conduct of ASA Shea of which Plaintiff complains concerned her function as an advocate for the State.  Therefore, she is entitled to prosecutorial immunity from Plaintiff's § 1983 claims.

Case No.:  3:19cv553/LAC/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims against Defendants be **DISMISSED with prejudice**, under 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii), for failure to state a claim upon which relief may be granted and for seeking monetary relief against Defendants who are immune from such relief;

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 31st day of May 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**